LAW OFFICES OF JUSTIN J. SHRENGER
Justin J. Shrenger (State Bar No. 151252)
4601 Wilshire Boulevard, Suite 240
Los Angeles, California 90010-3883
Telephone: (213) 625-8886
Facsimile:  (213) 625-1388
E-Mail:     mail@shrenger.com

Attorneys for defendants Robey Azadpour, Izad Azadpour and Abolfateh Marand

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVAD DADGOSTARI,<br><br>Plaintiff,<br><br>v.<br><br>ROBEY AZADPOUR; EZAD (aka "IZAD") AZADPOUR; LADAN G. JAHANPASAND; and ABOLFATEH (aka "AMIR") MARAND,<br><br>Defendants. | CASE NO.  8:23-cv-02217-CJC-(JDEx)<br><br>*[Case Assigned for all purposes to The Hon. Cormac J. Carney]*<br><br>NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISIDCTION PURSUANT TO RULE 12(b)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE; DECLARATIONS OF ROBEY AZADPOUR; IZAD AZADPOUR AND AMIR MARAND; REQUEST FOR JUDICIAL NOTICE AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH<br><br>Date:         June 10, 2024<br>Time:         1:30 P.M.<br>Courtroom:    9B |

TO THIS HONORABLE COURT AND PLAINTIFF IN PROPIA PERSONA:

PLEASE TAKE NOTICE that on Monday, June 10, 2024 at 1:30 p.m. in Courtroom 9B of the above-entitled Court, located at 411 West Fourth Street, Santa Ana, California 92701-4516, defendants Robey Azadpour, Izad Azadpour and Amir Marand will (collectively, "Defendants") will, and hereby do, move this Court to dismiss them from this action for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

This Motion is brought pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure on grounds that grounds for exercise of personal jurisdiction do not exist in this case, and further on grounds that a California Superior Court has already determined such to be the case, rendering the instant Action a wrongful attempt to appeal the Superior Court's prior ruling, and the grounds stated in the attached Memorandum of Points and Authorities, which grounds are expressly incorporated by reference as though fully set forth at this point.

The Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the simultaneously filed Declarations and Request for Judicial Notice, as well as the pleadings, documents and records on file in this action, and upon such other argument and evidence as is appropriate considered in ruling on a motion such as this one.

1  This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on April 11, 2024 and continued thereafter, but which at the time of filing has not reached a resolution of the issues raised by this Motion.

Respectfully submitted,

Dated:  April 15, 2024                    LAW OFFICES OF JUSTIN J. SHRENGER

By _____/s/_____
Justin J. Shrenger
Attorneys for defendants Robey Azadpour, Izad Azadpour and Abolfateh Marand

# I.
# INTRODUCTION

As a California Superior Court has already ruled, there is no personal jurisdiction over these moving Defendants in this case. The ruling was correct, and the Plaintiff may not, respectfully, seek review of the California Superior Court ruling before this honorable Court. Accordingly, the purported service of summons and complaint herein should, respectfully, be quashed, and this Action can, and respectfully should, be dismissed with prejudice.

# II.
# FACTUAL BACKGROUND

Plaintiff resides in this County. [Complaint ¶ 4 at 2:20] Plaintiff is aware and admits that defendants Robey Azadpour and Izad Azadpour are residents of Long Branch, Virgina, [Id. ¶¶ 8 and 11 at 3:8-11 and 3:19-21] and defendant Abolfateh Marand is a resident of Enid, Oklahoma. [Id. ¶ 10 at 3:13.5-18]

In this, his second lawsuit based on identical facts, Plaintiff again seeks to hold the Defendants liable for introducing Plaintiff to an Iranian woman who would up not marrying Plaintiff. Though it is not at all clear, Plaintiff seems to be claiming that the Defendants instructed and importuned the aforementioned Iranian woman to feign affection for Plaintiff, which caused Plaintiff to incur a few dollars of expenses for dining out and satisfaction of three digit cost bills issued by the USICS, which apparently was repaid by one of the Defendants. [*See Generally* Complaint ¶¶ 22-102 at 6:4 - 26:20.5 and Ex. "13"] It is difficult to summarize such allegations more specifically because they are incomprehensible.

As Plaintiff specifically alleges in his Complaint filed before this Court, he attempted to bring this same action before the Superior Court in and for Orange County, California, Case No. 30-2022-09128. [Complaint ¶¶ 85-101 at 22:8-26:13.5. Contrary to Plaintiff's allegations that the service was quashed on the basis of forum *non conveniens*, the Superior Court quashed service of summons and

complaint for want of *in personam* jurisdiction. [Request for Judicial Notice Ex. "A" (Notice of Ruling)] In specific, the California Superior Court, Judge Nico Dourbetas, Judge Presiding, explicitly found as follows:

> Plaintiff Javad Dadgostari (plaintiff) has failed to meet this burden. Personal jurisdiction may be either general or specific. General jurisdiction exists if the defendant is "at home" in the forum. (*Farina v. SAVWCL III, LLC* (2020) 50 Cal.App.5th 286, 294 (Farina).) " 'For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile...." (*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County* (2017) 137 S.Ct. 1773, 1780.)
>
> Here, there is no dispute that the court lacks general jurisdiction over moving defendants, as none of them reside in California. Robey Azadpour and Izad Azadpour (together, the Azadpours) reside in Virginia, and Abolfath Marand (Marand) resides in Oklahoma. . . . As for specific jurisdiction, plaintiff has failed to show the Azadpours purposefully availed themselves of California benefits at any time; there is no evidence showing that either of these defendants purposefully reached out to California, had any contacts with the forum, or availed themselves of forum benefits. None of the improperly authenticated exhibits to plaintiff's opposition demonstrate otherwise. (*See Pavlovich v. Superior Court* (2002) 29 Cal.4th 262, 269 (Pavlovich) [specific jurisdiction requirements]; *Farina, supra*, 50 Cal.App.5th at p. 294 [same]; see also *Walden v. Fiore* (2014) 134 S.Ct. 1115, 1122 (Walden) [" 'minimum contacts' analysis looks to the defendant's contacts with the forum [s]tate itself, not the defendant's contacts with persons who reside there"; "the plaintiff cannot be the only link between the defendant and the forum"]"

[RFJN Ex. "A" at 2/3 and 3/3]

Based upon the foregoing facts (which remain unchanged) Judge Dourbetas ***quashed service of summons*** for want of personal jurisdiction. Judge Dourbetas subsequently issued a costs award in favor of the Plaintiff, which Plaintiff never paid. [RFJN Ex. "B"; Izad Azadpour Decl. ¶ 2; Robey Azadpour Decl. ¶ 2; Abolfateh Marand Decl. ¶ 2] In addition, while it is true that Plaintiff did indeed dismiss his underlying lawsuit in the State Court action, he did so only ***after*** the Superior Court had already fully and finally determined that no personal jurisdiction existed over the defendants under the XIVth Amendment standard. [RFJN Ex. "C" Request for Dismissal]

As was the case the last time this was decided, all of the Defendants have the traditional "no's" with regard to this State: they own no real property here, they maintain no bank accounts here, they own no interest in any California business entity, they do not maintain residences here, none of them were here when served and none consents to the Jurisdiction of this honorable Court. [Izad Azadpour Decl. ¶ 3; Robey Azadpour Decl. ¶ 3; Abolfateh Marand Decl. ¶ 3]

This Action is thus a *sub silento* appeal of the State Court's ruling that there was no personal jurisdiction over these Defendants. Plaintiff is not permitted to pursue such avenue of relief, even if personal jurisdiction over Defendants existed, which was and is not the case. Accordingly, Defendants respectfully request that this Court grant the instant Motion and dismiss this Action.

## III.
## LEGAL DISCUSSION

A. *No In Personam Jurisdiction*

A party may move to dismiss an action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  On a motion to dismiss for lack of personal jurisdiction, the plaintiff, "bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor*, 374 F.3d 797, 800 (9th Cir. 2004). Although uncontroverted allegations are taken as true, the plaintiff "cannot simply rest on the bare allegations of its complaint." *Id*. In other words, "mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG*, 476 F.3d 756, 766 (9th Cir. 2007).

Personal jurisdiction over a non-resident defendant is proper if permitted by a State's long-arm statute and if the exercise of jurisdiction does not violate federal due process. "[B]ecause California's long-arm statute is coextensive with the limits of due process, the two inquiries collapse into a single inquiry: whether jurisdiction comports with due process." *Autogenomics v. Oxford Gene Tech.*, 566

F.3d 1012, 1017 (Fed. Cir. 2009). To satisfy federal due process (1) the defendant must have established certain minimum contacts with the forum state; and (2) the exercise of jurisdiction over the defendant must not offend "traditional notions of fair play and substantial justice." *Goodyear Dunlop Tires v. Brown*, 131 S. Ct. 2846, 2853 (2011), *quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Jurisdiction may be either "general or all-purpose jurisdiction," or "specific or case-linked jurisdiction." *Id*. at 2851, *citing Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984). In either case, the "'minimum contacts' analysis looks to the defendant's contacts ***with the forum State itself***, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (emphasis added).

A plaintiff invoking general jurisdiction must meet an "exacting standard" for the minimum contacts required. *Ranza v. Nike*, 793 F.3d 1059, 1069 (9th Cir. 2015). General jurisdiction exists only when the defendant's contacts with the forum are so "continuous and systematic" that the defendant is "essentially at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (citing *Goodyear*, 564 U.S. at 919). "[S]poradic and insubstantial contacts with the forum state . . . are not sufficient." *Campbell Pet v. Miale*, 542 F.3d 879, 884 (Fed. Cir. 2008). Moreover, "even continuous activity of some sorts within a state . . . is not enough to support the demand that [defendant] be amenable to suits unrelated to that activity." *Goodyear Dunlop, supra,* 564 U.S. at 927, *quoting Int'l Shoe*, 326 U.S. at 318. Here, the lack of general jurisdiction over the Defendants is not seriously subject to dispute. In terms of specific jurisdiction, there are a couple of fundamental flaws with any such assertion, even assuming that this Court has the authority to overrule the State Court's finding, which Defendants respectfully submit it lacks.

"Specific jurisdiction . . . must be based on activities that arise out of or relate to the cause of action." *Autogenomics*, 566 F.3d at 1017 (citation omitted).

1 However, "it is essential in each case that there be some act by which the
2 defendant purposefully avails itself of the privilege of conducting activities
3 within the forum State, thus invoking the benefits and protections of its laws."
4 *Avocent Huntsville v. Aten Int'l*, 552 F.3d 1324, 1329 (Fed. Cir. 2008) *quoting Hanson*
5 *v. Deckla*, 357 U.S. 253 (1958). "This purposeful availment requirement ensures
6 that a defendant will not be haled into a jurisdiction solely as a result of random,
7 fortuitous, or attenuated contacts, or of the unilateral activity of another party or a
8 third person." *Id.*, *citing Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985).

9     To establish specific jurisdiction, Plaintiff must show: "(1) the defendant has
10 purposefully availed himself or herself of forum benefits; (2) the controversy is
11 related to or arises out of the defendant's contacts with the forum; and (3) the
12 assertion of personal jurisdiction would comport with fair play and substantial
13 justice." *Elkman v. Nat'l States Ins.*, 173 Cal. App. 4th 1305, 1314, 93 Cal. Rptr. 3d
14 768 (2009). Jurisdiction is lacking unless all three elements are satisfied. *Calder v.*
15 *Jones*, 465 U.S. 783, 790 (1984); *Pavlovich v. Superior Court*, 29 Cal. 4th 262, 269, 58
16 P.3d 2, 127 Cal. Rptr. 2d 329 (2002). Plaintiff cannot satisfy even one of the
17 foregoing elements.

18     First, the "purposeful availment" element requires that Defendants engaged
19 in "intentional conduct expressly aimed at or target[ed] [toward] [California],"
20 and knew that the "brunt" of the harm would be felt in California. *Pavlovich*,
21 *supra*, 29 Cal. 4th at 271. That did not happen here, and more importantly, could
22 not have happened here. In this Action, Plaintiff seeks damages for alienation of
23 affection. Not only did Defendants not foresee being haled before this Forum for
24 such conduct, they could not possibly have foreseen such result because all causes
25 of action for alienation of affection in this State have been abrogated by Statute.
26 No cause of action arises for alienation of affection; criminal conversation;
27 seduction of a person over the age of legal consent; and/or breach of promise of
28 marriage. Cal. Civ. Code § 43.5 (2024). Nor could a cause of action be stated

against the target of the Plaintiff's affection, as a fraudulent promise to marry or to cohabit after marriage does not give rise to a cause of action for damages. Cal. Civ. Code § 43.4 (2022).[1]

To satisfy the second element for specific jurisdiction, the Plaintiff must demonstrate "a connection between the forum and the specific claims at issue", not merely a relationship between the forum and the subject matter of the action. *Bristol-Myers Squib. v. Superior Court*, 137 S. Ct. 1773, 1780-81 (2017). Here, the Plaintiff complains of actions taken outside of the Jurisdiction pertaining to interaction with a person outside the United States. The fact that the Plaintiff may reside in California has nothing to do with the connection between the acts allegedly committed and the dispute purportedly arising thereunder.

Finally, exercising jurisdiction over the Defendants in a claim based upon something that as a matter of law is not actionable would in no way comport with traditional notions of fair play and substantial justice. "A determination of the reasonableness of the exercise of jurisdiction in a given case involves evaluation of several factors: the burden on the defendant, the interest of the forum state, and the plaintiff's interest in obtaining relief." *F. Hoffman-La Roche, supra*, 130 Cal. App. 4th at 805. Here, the burden that would be visited upon Defendants to litigate here is enormous. Further, as none of the witnesses are located in California, Defendants would have no easy way of compelling production of documents or securing attendance of witnesses for deposition or trial. To add to

---

[1]/ Whether fraudulent or not, failing to marry someone after promising to do so cannot give rise to a suit, period. The law is known as the anti-heart-balm statute. "The California anti-heart-balm statutes, which long ago did away with breach of promise actions, establish a public policy against litigation of the affairs of the heart." The California anti-heart-balm statutes which long ago did away with breach of promise actions establish a public policy against litigation of the affairs of the heart. *Askew v. Askew*, 22 Cal. App. 4th 942, 947, 28 Cal. Rptr. 2d 284 (1994). "Section 43.5 is designed to eliminate a class of lawsuits…which promoted fraud and perjury and encouraged marriages motivated by fear of a lawsuit instead of love." *Boyd v. Boyd*, 228 Cal. App. 2d 374, 39 Cal. Rptr. 400 (1964).

that, California enacted a statute that says it has no interest whatsoever in entertaining litigation pertaining to promises to marry. Given that the Court's "primary concern" here must be "the burden on the defendant[s]," *Bristol-Myers Squibb*, supra, 137 S. Ct. at 1780, it would not be reasonable to exercise jurisdiction over Defendants here.

B.      This Issue has Already Been Decided by the State Court

Because California's long arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution, the jurisdictional analyses under California law and federal due process are the same. Boschetto, *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008); *Schwarzenegger v. Fred Martin Motor*, 374 F.3d 797, 800-01 (9th Cir. 2004). As stated numerous times above, the California Court already ruled that there was no personal jurisdiction in this case based upon the same facts alleged against the same parties. Plaintiff could have sought reconsideration of such Order or appealed it, but instead he did neither.

Naming Defendants in this Complaint after the State Court has already ruled that personal jurisdiction is absent violates the doctrines of issue preclusion and direct estoppel. A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel [issue preclusion] and *res judicata* [claim preclusion], is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties[.]" *Montana v. United States*, 440 U.S. 147, 153 (1979). "Collateral estoppel, or issue preclusion . . . bars the relitigation of issues explicitly litigated and necessary to the judgment." *Clark v. Chapp*ell, 2016 WL 627460, at *7 (N.D. Cal. 2/17/2016) *aff'd,* 735 F. App. 285 (9th Cir. 2018); *see also Hiser v. Franklin*, 94 F.3d 1287, 1292 (9th Cir. 1996). "To foreclose re-litigation of an issue under federal law: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually

litigated by the party against whom preclusion is asserted; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action." *Id.*, *citing Gospel Missions v. City of Los Angeles*, 328 F.3d 548, 553-54 (9th Cir.) *cert. denied*, 540 U.S. 948 (2003).

Collateral estoppel "bars successive litigation of an issue . . . even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). "The defenses of res judicata and collateral estoppel (*i.e.*, claim and issue preclusion) may be raised in a motion to dismiss if the court can take judicial notice of all relevant facts." *Sogbandi v. Markham*, 2002 WL 31855299, at *2 (N.D. Cal. 12/17/2002). Issue preclusion expressly applies to "questions of jurisdiction . . . [that] have been fully and fairly litigated and finally decided" in a previous action between the parties. Such issues are deemed established and may not be relitigated. *Hohu v. Hatch*, 940 F. Supp. 2d 1161, 1167-68 (N.D. Cal. 2013) *quoting Underwriters Nat. Assur. Co. v. N. Carolina Life & Acc. & Health Ins. Guar. Ass'n*, 455 U.S. 691, 706 (1982). Specifically, "prior determinations of a lack of jurisdiction bar relitigation of that same issue in subsequent proceedings." *Id*.

District Courts faced with the issue we have here, *i.e.*, may a District Court review a previous State court finding of lack of personal jurisdiction have refused to entertain such cases, and sanctioned the plaintiffs that requested such hearing. For example, in *Valdez v. Kreso*, Inc., 114 F. Supp. 2d 663 (N.D. Tex. 2001), the Court found that bringing a subsequent action in federal court and naming a defendant who had been dismissed for lack of personal jurisdiction in a substantially similar state court action violated Rule 11(b).

In *Valdez*, the plaintiff sued two defendants for damages in state court by reason of the exposure of her son to a product that had been sold for use as an animal dip. The defendants successfully moved for dismissal for lack of personal jurisdiction. No appeal was taken from the court's order finding no personal jurisdiction over defendants. Plaintiff thereafter filed a complaint in federal court

against these same defendants on the same set of facts. The defendants again moved to dismiss for lack of personal jurisdiction on the basis of issue preclusion, collateral estoppel, claim preclusion and *res judicata*.

The plaintiff in *Valdez* filed an opposition to the motion to dismiss, arguing that the issue of personal jurisdiction could be re-litigated because a different theory of recovery had been alleged (something the Plaintiff in this case has not argued and cannot argue). The trial court rejected the plaintiff's argument, and *sua sponte* imposed sanctions on plaintiff's counsel for naming the previously-dismissed defendants in the new federal action. The court stated counsel's "filing this action after a state court had already ruled that a Texas court could not exercise personal jurisdiction over defendants can, standing alone, be basis for Rule 11 sanctions." *Id*. at 667. In criticizing counsel, the *Valdez* Court cited a circuit court case *Deckert v. Wachovia Student Financial Services*, 963 F.2d 816, 818 (5th Cir. 1992), proscribing the subsequent naming of the same defendant previously dismissed for lack of personal jurisdiction.

Fundamentally, this *de facto* appeal of the State Court's ruling divests this Court of jurisdiction over the entire matter pursuant to the *Rooker-Feldman* doctrine. *Rooker-Feldman* has a close affinity to the doctrine of claim preclusion and res judicata. However, the foregoing are merely affirmative defenses that are waived if not raised. *Rooker-Feldman* is jurisdictional so that the District Court is required to raise the issue and dismiss the action even if the parties do not raise the issue. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 US at 293, 125 S.Ct. at 1527]

"Rooker–Feldman is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments: If claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or

require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction. *See Feldman*, 460 U.S. at 483 n. 16 & 485, 103 S. Ct. 1303. Simply put, 'the United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings.' *Worldwide Church of God v. McNair*, 805 F. 2d 888, 890 (1986)." *Bianchi v. Rylaarsdam*, 334 F. 3d 895, 898 (2003).

In this instance the issue is admittedly somewhat complex in that the State Court's ruling is based upon a co-extensive long arm statute that incorporates the constitutional limitations imposed by the XIVth Amendment to the United States Constitution. However, re-visitation of this issue by this Court would, respectfully, involve review of the final decisions of a California court in judicial proceedings, and given the absolute lack of facts that would justify the exercise of personal jurisdiction or even the imposition of liability if jurisdiction existed, this Court should, respectfully, not do anything to disturb Judge Dourbetas' Order.

## VI.
## CONCLUSION

For the reasons cited herein, defendants Robey Azadpour, Izad Azadpour and Amir Marand respectfully request that the instant Motion be granted, and that this Action be dismissed with prejudice.

Respectfully submitted,

Dated: April 15, 2024          LAW OFFICES OF JUSTIN J. SHRENGER

By _____/s/_____
    Justin J. Shrenger
    Attorneys for defendants Robey Azadpour,
    Izad Azadpour and Abolfateh Marand

1  I hereby certify that on this date, I electronically filed the above document
2  with the Clerk of the Court using the CM/ECF system.

4  Dated:  April 15, 2024                                /s/
                                                  Justin J. Shrenger

*PROOF OF SERVICE*