Electronically Filed by Superior Court of California, County of Orange, 04/04/2023 09:24:00 AM.
30-2022-01282204-CU-FR-CJC - ROA # 91 - DAVID H. YAMASAKI, Clerk of the Court By E. ettlinguser, Deputy Clerk.
Case 8:23-cv-02217-CJC-JDE   Document 41-1   Filed 04/15/24   Page 1 of 6   Page ID #:245

ANAHITA HASHEMINEJAD, ESQ., SBN 239688
Law Office of Anahita Hasheminejad, PLC
4630 Campus Drive, Suite 208
Newport Beach, CA  92660
Telephone: (949) 260-8420
Facsimile:  (888) 421-2230

Attorney for Defendants Robey Azadpour, Izad Azadpour, and Abolfath Marand

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ORANGE**

| | |
|---|---|
| Javad Dadgostari, an individual, <br><br> Plaintiff, Pro Se <br><br> vs. <br><br> Robey Azadpour, Ezad (Izad) Azadpour, Ladan Ghalfarzadeh Jahanpasand, Abolfateh (aka "Amir") Marand, <br><br> Jointly and Severally <br><br> Defendants. | Case No.: 30-2022-01282204 <br> Judge:  Hon. Nico Dourbetas <br><br> Dept C-25 <br><br> **NOTICE OF RULING ON MOTION TO QUASH SERVICE OF SUMMONS AND MOTION TO DISMISS FOR FORUM NON CONVENIENS** |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE THAT: On April 3, 2023, the Defendants' Motion To Dismiss Action On Ground Of Inconvenient Forum And Motion To Quash Service Of Summons came before the Court. Defendants Robey Azadpour Izad, and Azadpour, Abolfath Marand were represented by attorney Anahita Hasheminejad.  Plaintiff appeared *pro per*. After hearing argument by the parties, and upon review of the moving papers, the adopted its Tentative Ruling as the final ruling on Defendants' motions, Granting the Motion to Quash Service of Summons and finding moot the Motion to

NOTICE OF RULING -QUASH/DISMISS    Page 1                    (30-2022-01282204)

1  Dismiss for Forum Non Conveniens. The Court's Ruling, which became the final Order of the
2  Court, is attached hereto as Exhibit 1.

4  Date: April 3, 2023                    By: _____
5                                              Anahita Hasheminejad, Esq.

# Exhibit 1

Superior Court of the State of California
County of Orange

DEPT C25 TENTATIVE RULINGS

The Honorable Nico A. Dourbetas

**Civil Court Reporters:** The Court does not provide court reporters for law and motion hearings. Please see the Court's website for rules and procedures for court reporters obtained by the Parties.

**Tentative Rulings:** The Court will endeavor to post tentative rulings on the Court's website by 2 p.m. on Thursday. Do NOT call the Department for a tentative ruling if none is posted. **The Court will NOT entertain a request for continuance or the filing of further documents once a tentative ruling has been posted.**

**Submitting on the Tentative Ruling:** If ALL counsel intend to submit on the tentative ruling and do not wish oral argument, please advise the Court's clerk or courtroom attendant by calling (657) 622-5225. If all sides submit on the tentative ruling and so advise the Court, the tentative ruling shall become the Court's final ruling and the prevailing party shall give Notice of Ruling and prepare an Order for the Court's signature if appropriate under CRC 3.1312. **Please do not call the Department unless ALL parties submit on the tentative ruling.**

**Non-Appearances:** If no1 one appears for the hearing and the Court has not been notified that all parties submit on the tentative ruling, the Court shall determine whether the matter is taken off calendar or whether the tentative ruling shall become the final ruling.

**Appearances:** Counsel may appear by video on Zoom.
1. Visit [www.occourts.org](www.occourts.org)
2. Under Quick Links, click on "Civil Online Check-in/Zoom Pilot Program"

**Date:** April 3, 2023

| # | Case Name | Tentative |
|---|---|---|
| **21** | **Dadgostari v. Azadpour**<br><br>2022-01282204 | **1. Motion to Quash Service of Summons**<br>**2. Motion to Dismiss**<br>**3. Case Management Conference**<br><br>Motion to Quash Service of Summons:<br><br>Defendants Robey Azadpour, Izad Azadpour, Abolfath Marand's motion to quash service of summons is GRANTED. |

"When a nonresident defendant challenges personal jurisdiction, the plaintiff bears the burden of proof by a preponderance of the evidence to demonstrate the defendant has sufficient minimum contacts with the forum state to justify jurisdiction." (DVI, Inc. v. Superior Court (2002) 104 Cal.App.4th 1080, 1090; see Automobile Antitrust Cases, supra, 135 Cal.App.4th at pp. 110-111.) Jurisdictional facts must be proved by competent evidence. (Automobile Antitrust Cases, at pp. 110-111.)

Plaintiff Javad Dadgostari (plaintiff) has failed to meet this burden. Personal jurisdiction may be either general or specific. General jurisdiction exists if the defendant is "at home" in the forum. (Farina v. SAVWCL III, LLC (2020) 50 Cal.App.5th 286, 294 (Farina).) " 'For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile....' " (Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County (2017) 137 S.Ct. 1773, 1780.)

Here, there is no dispute that the court lacks general jurisdiction over moving defendants, as none of them reside in California. Robey Azadpour and Izad Azadpour (together, the Azadpours) reside in Virginia, and Abolfath Marand (Marand) resides in Oklahoma. (See Amended I. Azadpour Decl. ¶¶ 4-8, Ex. 1; Amended Marand Decl. ¶¶ 4, 7, 8, Exs. 1-2; R. Azadpour Decl. ¶ 4.)

As for specific jurisdiction, plaintiff has failed to show the Azadpours purposefully availed themselves of California benefits at any time; there is no evidence showing that either of these defendants purposefully reached out to California, had any contacts with the forum, or availed themselves of forum benefits. None of the improperly authenticated exhibits to plaintiff's opposition demonstrate otherwise. (See Pavlovich v. Superior Court (2002) 29 Cal.4th 262, 269 (Pavlovich) [specific jurisdiction requirements]; Farina, supra, 50 Cal.App.5th at p. 294 [same]; see also Walden v. Fiore (2014) 134 S.Ct. 1115, 1122 (Walden) [" 'minimum contacts' analysis looks to the defendant's contacts with the forum [s]tate itself, not the defendant's contacts with persons who reside there"; "the plaintiff cannot be the only link between the defendant and the forum"]; Amended I. Azadpour Decl. ¶¶ 3-8, Ex. 1; R. Azadpour Decl. ¶¶ 3-5.)

As for Marand, plaintiff has failed to demonstrate that the controversy is related to or arises out of Marand's

extremely limited contacts with the forum. (See Pavlovich, supra, 29 Cal.4th at p. 269 [specific jurisdiction requirements]; see also Marand Decl. ¶¶ 4-9, Exs. 1-2.)

As an initial matter, to the extent that Marand's declaration stating that he has only been to California in September 2022 (Amended Marand Decl. ¶ 9), conflicts with plaintiff's allegation that Marand visited plaintiff in California on or about 2/5/22 (Verfied FAC ¶ 21), the Court finds Marand's declaration to be more credible. This is because the 2/5/22 visit is not mentioned anywhere in the 4/13/22 declaration that Marand purportedly provided to plaintiff in support of plaintiff's fiancé visa application for defendant Ladan Ghaffarzadeh Jahanpasand (Jahanpasand), despite the fact that this 4/13/22 declaration goes as far back as to mention Marand's visits with plaintiff and his late wife when plaintiff lived in New York. (See Opp. at Ex. 2.) Furthermore, even if the 2/5/22 visit occurred, it is questionable whether plaintiff's claims in this case against Marand (fraudulent inducement) arise from/are related to that visit, since it appears that plaintiff's agreement with Jahanpasand had already been reached by that time. (See Verified FAC ¶¶ 14-16, 21 ["getting cold feet"], 29 [text messages showing Jahanpasand was already "counting the minutes to see [plaintiff] in person" as of 1/3/22].) As for the September 2022 visit (Amended Marand Decl. ¶ 9), this occurred after the marriage/visa arrangement had already fallen apart. (Verified FAC ¶¶ 23-40.)

Plaintiff has therefore failed to demonstrate the court has specific jurisdiction over any of the moving defendants.

<u>Motion to Dismiss for Forum Non Conveniens:</u>

Defendants Robey Azadpour, Izad Azadpour, Abolfath Marand's motion to dismiss is MOOT in light of the ruling above on the motion to quash.

Defendants shall give notice of all of the above.