UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  8:23-cv-02217-JLS-JDE                                           Date: July 08, 2024
Title:  Javad Dadgostari v. Robey Azadpour et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Charles Rojas  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**PROCEEDINGS:**   **(IN CHAMBERS)  ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. 37); (2) DENYING PLAINTIFF'S MOTION TO TRANSFER (Doc. 44); AND (3) DENYING DEFENDANTS' MOTION FOR SANCTIONS (Doc. 46)**

Before the Court are three related motions: (1) Defendants' motion to dismiss for lack of personal jurisdiction (MTD, Doc. 37); (2) Plaintiff's motion to transfer (Mot. to Transfer, Doc. 44); and (3) Defendants' Rule 11 motion for monetary sanctions (Sanctions Mot., Doc. 46).  The parties filed oppositions and replies as to each motion, except that Plaintiff did not file a reply in support of his motion to transfer.  (MTD Opp., Doc. 61 at 6–12[1]; MTD Reply, Doc. 52; Mot. to Transfer Opp., Doc. 51; Sanctions Opp., Doc. 50; Sanctions Reply, Doc. 53.)  The Court finds these matters appropriate for decision without oral argument, and the hearing set for July 12, 2024, at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  For the following reasons, the

---

[1] These motions were originally set to be heard before Judge Cormac J. Carney on June 10, 2024.  (*See* MTD; Mot. to Transfer; Sanctions Mot.; Reassignment Order, Doc. 55.)  On June 3, 2024, Plaintiff filed a motion for leave to file a then-untimely opposition and attached the opposition as an exhibit; Defendants opposed.  (MTD Opp; Opp. to Mot. for Leave, Doc. 66.)  On June 6, 2024, the Court continued the hearing on these motions to July 12, 2024.  (Continuance Order, Doc. 64.)  As such, the deadline to opposed was also continued.  *See* L.R. 7-9 (oppositions are due 21 days before the hearing date).  Plaintiff's opposition is timely under the continued deadline.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-02217-JLS-JDE            Date: July 08, 2024
Title: Javad Dadgostari v. Robey Azadpour et al

Court: (1) GRANTS Defendants' motion to dismiss; (2) DENIES Plaintiff's motion to transfer; and (3) DENIES Defendants' motion for sanctions.

I. **BACKGROUND**

Javad Dadgostari *pro se* filed a complaint against Defendants Robey Azadpour, Ezad Azadpour, Ladan G. Jahanpasand, and Abolfateh Marand. (Compl., Doc. 1.) The allegations in Dadgostari's complaint are largely incomprehensible, but the crux of the complaint appears to be that Defendants allegedly "cut[] off all communication with Plaintiff . . . without a single shred of explanation" after Dadgostari and Jahanpasand allegedly had a long-distance romantic relationship for about ten months. (*See id.* ¶ 110; *see also* MTD Opp. at 9 (accepting the characterization that this action is an effort to "hol[d] Defendants liable for introducing to Plaintiff a woman who [wound] up not marrying Plaintiff" after 10 months of communications).)

Before Dagostari filed this action in federal court, he filed an action against Defendants in California state court.[2] In that action, Defendants moved to quash the summons for lack of personal jurisdiction and the Superior Court for the County of Orange granted Defendants' motion:

> Here, there is no dispute that the court lacks general jurisdiction over moving defendants, as none of them reside in California. Robey Azadpour and Izad Azadpour (together, the Azadpours) reside in Virginia, and Abolfath Marand (Marand) resides in Oklahoma. . . . As for specific jurisdiction, plaintiff has failed to show the Azadpours purposefully availed

---

[2] The Court GRANTS Defendants' request for judicial notice because the Court can take notice of filings and orders from other judicial proceedings. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it[] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." );

**CIVIL MINUTES – GENERAL**          2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  8:23-cv-02217-JLS-JDE  Date: July 08, 2024
Title:  Javad Dadgostari v. Robey Azadpour et al

> themselves of California benefits at any time; there is no evidence showing that either of these defendants purposefully reached out to California, had any contacts with the forum, or availed themselves of forum benefits.

(State-Court Mot. to Quash Ruling, Doc. 41-1 (formatting standardized).  The state court then granted Defendants' request for costs, noting that it had "ruled in favor of Defendants on Defendants' Motion to Quash Service of Summons."  (State-Court Costs Order, Doc. 41-2.)

II.     **LEGAL STANDARD**

   A.     **Motion to Dismiss for Lack of Personal Jurisdiction**

"A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence."  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  In other words, a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) can be facial or factual.  *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Id.*  "Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction."  *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984-85 (9th Cir. 2008).

   B.     **Issue Preclusion**

"[A] federal court considering whether to apply issue preclusion based on a prior state court judgment must look to state preclusion law."  *McInnes v. California.*, 943 F.2d 1088, 1092–93 (9th Cir. 1991).  In California, "[i]ssue preclusion prohibits the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-02217-JLS-JDE                                    Date: July 08, 2024
Title: Javad Dadgostari v. Robey Azadpour et al

relitigation of issues argued and decided in a previous case, even if the second suit raises different causes of action." *DKN Holdings LLC v. Faerber*, 61 Cal.4th 813, 824 (2015). Issue preclusion applies: "(1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit[,] and (4) asserted against one who was a party in the first suit or one in privity with that party." *DKN Holdings*, 61 Cal.4th at 825.

### C.  Motion to Transfer

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought or to any district . . . to which all parties have consented." 28 U.S.C. § 1404(a). When a case does not "involve[e] a forum-selection clause, a district court . . . must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Const. Co. v. U.S. District Court*, 571 U.S. 49, 62 (2013).

### D.  Motion for Rule 11 Sanctions

Rule 11 sanctions are "an extraordinary remedy, [and] one to be exercised with extreme caution." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). Sanctionable conduct includes presenting "claims, defenses, and other legal contentions . . . [not] warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2); *see also Holgate v. Baldwin*, 425 F.3d 671, 675-76 (9th Cir. 2005).

Rule 11 motions are subject to a safe-harbor provision: "The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days . . . ." Fed. R. Civ. P. 11(c)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-02217-JLS-JDE                          Date: July 08, 2024
Title: Javad Dadgostari v. Robey Azadpour et al

### III. ANALYSIS

#### A. Motion to Dismiss for Lack of Personal Jurisdiction

Defendants' motion to dismiss for lack of personal jurisdiction is GRANTED. In his opposition, Dadgostari concedes that the state court's personal-jurisdiction holding has issue-preclusive effect in this action. (MTD Opp. at 11–12 ("Plaintiff has already admitted that the Superior Court's ruling, albeit deeply flawed, can stand as far as the issue of jurisdiction is concerned.").)

#### B. Motion to Transfer

Dadgostari's motion to transfer this action is DENIED. *See Duke v. Flying J, Inc.*, 178 F. Supp. 3d 918, 921 (N.D. Cal. 2016) ("By choosing a particular forum to commence the action, a plaintiff is generally considered to have waived objections to proceeding in that forum.").[3]

#### C. Motion for Rule 11 Sanctions

Defendants' motion for Rule 11 sanctions is DENIED. Defendants principally argue that sanctions are appropriate because suing Defendants in this state was frivolous in light of the state court's issue-preclusive holding regarding lack of personal jurisdiction. (Sanctions Mot. at 12–15.) Consistent with Rule 11, Defendants served their motion on Dadgostari before filing it. (*See* Tapia Decl., Doc. 54 ¶ 2; Email, Doc. 54-1); Fed. R. Civ. P. 11(c)(2) ("The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days . . . ."). Within 21 days of

---

[3] Plaintiffs generally need not file motions to transfer because they can voluntarily dismiss actions under Federal Rule of Civil Procedure 41.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:23-cv-02217-JLS-JDE                                            Date: July 08, 2024
Title:  Javad Dadgostari v. Robey Azadpour et al

service, Dadgostari filed his motion to transfer—arguing transfer was appropriate, in part, because of "Defendants' statement[] [of] 'no personal jurisdiction.'"  (Mot. to Transfer at 7.)  Though it would have been preferable for Dadgostari to have voluntarily dismissed this action, the Court concludes that Dadgostari, who is proceeding *pro se*, "appropriately corrected" his frivolous contention that this Court has personal jurisdiction by filing his motion to transfer.  Fed. R. Civ. P. 11(c)(2).  Therefore, monetary sanctions are not warranted here.  *See Operating Eng'rs*, 859 F.2d at 1345 (Rule 11 sanctions are "an extraordinary remedy, [and] one to be exercised with extreme caution.").

**IV.    CONCLUSION**

For the above reasons, the Court: (1) GRANTS Defendants' motion to dismiss; (2) DENIES Plaintiff's motion to transfer; and (3) DENIES Defendants' motion for sanctions.  Within **five days** of this Order, Defendants shall file a proposed judgment.

Initials of Deputy Clerk: cr